ROBERT L. BLAND, Judge,
dissenting.
Prior to September 13, 1945, Marshall College, a state educational institution at Huntington, had not complied with the statute which requires the state of West Virginia and all governmental agencies or departments created by it to subscribe to, and pay premiums into the workmen’s compensation fund for the protection of their employees, and be subject to all requirements of said statute, and all rules and regulations prescribed by the commissioner with reference to rates, classification and premium payments. On the contrary, the institution had, on its own initiative, paid for injuries sustained by workmen in line of duty until some months ago the state auditor, always alert to the protection of the public revenues, refused to authorize any charge for medical services and hospital services and thereupon the college immediately took steps to come under the workmn’s compnsation act.
On the said 13th day of September, 1945, claimant, James Reynolds, a roustabout and janitor at the college had occasion to install an electric light bulb in Laidley Hall. For the purpose of doing so he used a small ladder, about two feet in *187 height, and consisting of three steps. He had installed the bulb. When he attempted to descend and placed his foot on the second step he slipped and fell (o the floor. As a result of the fall he sustained a fracture of the right hip just below the angulation of the socket. He incurred expenses of approximately $529.50. In this case he seeks damages in the amount of $5000.00. From the time of his accident until the 1st day of January, 1946, he was paid by'the college his salary at the rate of $105.00 a month. By a majority of the court he is given an awurd of $550.00.
I do not think that under the facts disclosed by the record an award should be made in any amount. The s'ate is not bound to compensate an individual employee for injuries sus-taied while in its service, and no right of recovery in favor of such employee exists by inference or legal construction, or otherwise than by statute. 49 Am. Jur., Section 73, at page 284. The award made would, in my opinion, be a mere gratuity. If ratified by the Legislature it would authorize an appropriation of the public revenues of the state for a purely private purpose. This court has no jurisdiction in workmen’s compensation cases. Such iurrdiction is exoressly excluded by subsection 4 of section 14 of the Court Act. There is a difference between relief which may be afforded under chapter 23 of the code, being the workmen’s compensaron statute, and awards which may be made by the Court of Claims. One may qualify for relief under the workmen’s compensation statute when he would not be entitled to an award in the Court of Claims. If 'he Legislature had intended this court to make awards under circumstances calling for relief in workmen’s compensation cases it would not have excluded such jurisdiction in the Court Act.
I do not think that upon the merits of the instant case the claimant has shown himself to be entitled to an approved claim. I think his injuries were the result of his own carelessness. The ladder which he used in installing the electric light bulb, consisting as above stated of three steps, was exhibited to and inspected by the members of the court. The writer of this statement stepped safely upon each of the three steps of the small *188 ladder and it did not wobble. H. O. Clark, superintendent of buildings and grounds at the Huntington institution, testified that he weighs 187 pounds and that the ladder did not wobble when he stepped upon it. If the award made shall be ratified claimant will have received his salary at the rate of $105.00 a month for three and one-half months, plus the amount of the award, namely, $550.00, as a reward for falling off a step not more than eighteen inches from the floor. I can and do sympathize with him for the injury which he sustained as a result of the fall and for the pain which he has endured in consequence thereof, but I cannot concur in an award made on what I conceive to be purely a sentimental ground. The door of the court of claims should be closed to purely sentimental claims.